**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| RICKY WOFFORD, JR. | * |
| ADC # 102909 | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:16CV00143-SWW-JJV |
| DOC HOLLADAY, Sheriff, | * |
| Pulaski County; *et al.* | * |
| | * |
| Defendants. | * |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Ricky Wofford, Jr. ("Plaintiff") brings this action alleging the Defendants were deliberately indifferent toward his serious medical needs. (Doc. No. 5.) Plaintiff alleges he suffers from high blood pressure, diabetes, asthma, and a "bad right leg" which, taken together, make navigating stairs difficult. (Doc. No. 5 at 7.) He claims that after his arrival at Pulaski County Regional Detention Facility, medical staff told him to avoid stairs and provided him a script for a bottom bunk. (*Id.*) Plaintiff alleges that, in spite of these instructions, jail staff failed to provide him with a bottom bunk and forced him to move up and down stairs to attend visitation sessions. (*Id.* at 8-9.) On January 10, 2016, on the way to visitation and under the supervision of Defendant Ouzit, Plaintiff fell down a flight of stairs and suffered new injuries to his leg, hip, and thigh. (*Id.* at 9.) After this fall, Plaintiff contends that medical staff, including the nurses, failed to offer adequate treatment for these injuries. (*Id.*)

Now before the Court is Defendants' Motion for Summary Judgment, Statement of Facts,

and Brief in Support. (Docs. No. 47-49.) Plaintiff responded and provided his own Statement of Facts (Docs. No. 54-55), Defendants' replied (Doc. No. 56), and Plaintiff filed a Brief Reply in Reference to Support Plaintiff's Opposition to Defendants['] Motion for Summary Judgment. (Doc. No. 57). Therefore, this matter is ripe for a decision. After careful consideration of the pleadings, for the following reasons I find Defendants' Motion should be granted.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

After carefully reviewing the pleadings in this matter, I find no deliberate indifference on the

part of Defendants. From a practical standpoint it is understandable how Plaintiff may feel wronged, but deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

> The United States Court of Appeals for the Eighth Circuit has explained:
>
> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Here, there is no dispute that Plaintiff was regularly seen by jail staff and provided treatment as necessary. (Doc. No. 49-2.) This includes being taken to the University of Arkansas for Medical Sciences Emergency Room. (*Id*. at 18-19.) He was provided both treatment and medication and jail personnel responded timely to his medical requests.

With regard to his lower bunk needs, it appears jail personnel were generally responsive to

Plaintiff's needs and were attempting to work with Mr. Wofford to resolve this administratively complicated issue. On November 24, 2015, Plaintiff requested a lower bunk restriction and that same day he was ordered to be moved to a lower bunk. (Doc. No. 49-2 at 7-8.) The next day a Medical Communication Form was submitted moving Plaintiff to a lower level bunk. (*Id.* at 9.) Apparently jailers failed to ensure Plaintiff was given a lower bunk because, on November 25, 2015, Plaintiff filed a grievance stating he was forced to sleep on the floor because he still had not been provided the lower bunk. (Doc. No. 49-3 at 5.) On December 3, 2015, Sergeant Brawley responded to the grievance and provided Plaintiff with the lower bunk. (*Id.* at 6.)

The next week, Plaintiff filed a grievance requesting "to be put in a better position to have adequate [visitation]." (*Id.* at 7.) Sergeant Brawley responded, "Dr. Johnson restricted you as lower bunk only, and allowed an extra blanket to elevate your feet. You will need to discuss your status with the doctor. Visitation is a privilege not a right, however I will do what I can do to assist once he states you cannot go to the upper level for a visit once per week." (*Id.* at 8.) Plaintiff filed another grievance on the matter and Sergeant Brawley responded, "I checked your status and the doctor listed you as lower bunk, not lower level, so you will need to get with the doctor by following medical protocol and if he changes your orders we will see what we may be able to do so you may continue with your visitation." (*Id.* at 10.) Plaintiff filed another grievance on December 30, 2015, and Sergeant Brawley responded on January 6, 2016, stating she and Lt. Bennett were "making an effort to assist [Plaintiff] with [his] visitation, which is, by the way, not a right." (*Id.* at 11-12.) Sergeant Brawley further stated, "If you continue to abuse the grievance process disciplinary charges will be filed." (*Id.* at 12.)

Plaintiff filed another grievance complaining that Officer Allen failed to respond to his medical emergency. (*Id.* at 13.) But this issue was not alleged in Plaintiff's Amended Complaint

5

and it appears this issue was resolved. (*Id.* at 14.)

On January 10, 2016, Plaintiff reported he "fell walking down stairs . . ." (Doc. No. 49-2 at 25.) He was treated by medical staff on January 12, 2016. (*Id*. at 27.) The next month, Plaintiff was transferred to the Arkansas Department of Correction.

Plaintiff clearly suffered an unfortunate set of circumstances. However, as Defendants point out, giving him all benefit of the doubt, he cannot show they were deliberately indifferent to his serious medical needs. Defendants' responses and corrective actions may not have been perfect, but I am unable to find these failings were intentional. The facts, as alleged, may state a claim of negligence, but a claim of negligence - even gross negligence - is not actionable under 42 U.S.C. § 1983. *See Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005).

I note that Plaintiff says, "I was told if I continue to write grievances about this issue that disciplinary charges would be filed against me saying that I was abusing the grievance system." (Doc. No. 5 at 9.) One of the elements that a claimant pursuing a First Amendment retaliation claim must establish is that a defendant took adverse action against him which would chill a person of ordinary firmness from continuance of the protected activity. *Naucke v. City of Park Hills*, 284 F.3d 923, 927-928 (8th Cir. 2002). This is an objective test which does not focus exclusively on the question of whether the plaintiff was himself deterred, though how he acted "might be evidence of what a reasonable person would have done." *Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003). Whatever his allegations, Plaintiff was clearly not deterred from using the grievance system in this case. Additionally, the tone of Plaintiff's grievance could rightly cause Sergeant Brawley to threaten a disciplinary charge. (Doc. No. 49-3 at 11-12.) Therefore, I find Plaintiff has failed to state a viable claim of retaliation.

Lastly, Defendants argue that, if Plaintiff has made any official capacity claims, they should

be dismissed. I agree. Official capacity allegations are, in essence, claims against Pulaski County itself. *Liebe v. Norton*, 157 F.3d 574, 578-9 (8th Cir. 1998). In order to state a successful claim against a county defendant, a plaintiff must establish that some county policy or "persistent and widespread" unconstitutional practice was the cause of his alleged injury. *Jane Doe "A" v. Special School Dist.*, 901 F.2d 642, 646 (8th Cir. 1990). There are no facts to support the existence of such a custom or practice in the instant case. Accordingly, any official capacity claims must be dismissed.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Defendants' Motion for Summary Judgment (Doc. No. 47) be GRANTED and this cause of action be dismissed with prejudice.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 12th day of January, 2017.

```
_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE
```